IN THE UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| MISSION CRITICAL PARTNERS, LLC, | : | JURY TRIAL DEMANDED |
| | : | |
| | : | Civil Case No.: 4:25-CV-961 |
| | : | |
| | : | |
| Plaintiff, | : | COMPLAINT |
| v. | : | |
| | : | |
| MISSION CRITICAL TALENT | : | |
| PARTNERS, LLC, | : | (*Electronically filed*) |
| | : | |
| Defendant. | : | |

**COMPLAINT**
**FOR INFRINGEMENT OF TRADEMARK OR SERVICE MARK,**
**STATUTORY UNFAIR COMPETITION, FALSE ADVERTISING,**
**DILUTION OF TRADEMARK OR SERVICE MARK,**
**CYBERPIRACY/CYBERSQUATTING, and**
**COMMON LAW UNFAIR COMPETITION**

**JURISDICTION & VENUE**

1. This Court has original jurisdiction over this Complaint for infringement of trademark, unfair competition, false advertising, and trademark dilution involving a famous mark, pursuant to 15 U.S.C. § 1121(a), as well as 28 U.S.C. § 1331 (Federal Question Jurisdiction); 28 U.S.C. § 1337(a) (Commerce Regulations); and 28 U.S.C. § 1338(b) (Trademark and Unfair Competition);

1

2.      This Court has jurisdiction of all pendent state law claims pursuant to 28 U.S.C. § 1367(a) (Supplemental Jurisdiction) because all such claims are based upon the same or substantially the same conduct by Defendant.

3.      Defendant is subject to the personal jurisdiction of this Court as Defendant has committed acts which have caused tortious injury in this Judicial District.

4.      The Middle District of Pennsylvania is the proper venue for this action pursuant to 28 U.S.C. § 1391(b).

## PARTIES

5.      Plaintiff is Mission Critical Partners, LLC (hereinafter, "MCP"), a Delaware limited liability company having a principal place of business at 609 Grays Woods Blvd, Suite 100, Port Matilda, Pennsylvania 16870.

6.      It is believed and so averred that Defendant Mission Critical Talent Partners, LLC ("MCTP") is a California limited liability company, having a principal place of business at 7903 Elm Ave., Apt. 33, Rancho Cucamonga, CA 91730, and that Defendant is engaged in the business of recruitment and talent acquisition in the fields, industries and sectors of construction, engineering, operations, tech/IT, data centers, public

2

education and institutions, transportation, healthcare, special systems, government contracting, and renewable energy, among others. MCTP represents that it offers these services in the "Central & East Region," "West Region," and "nationwide."

## PLAINTIFF'S TRADEMARKS

7.    Plaintiff, Mission Critical Partners, LLC (MCP), provides consulting services in the fields of 911 and emergency communication, law enforcement, fire and emergency medical services, healthcare, transportation, special systems, engineering, operations, tech/IT, facilities design, engineering, operations, and maintenance among other MCP services include recruiting services and executive-level recruiting assistance.

8.    MCP provides its services to clients nationwide.

9.    In conjunction with its services, MCP uses extensively in interstate commerce several valuable and unique marks, specifically including the following mark: MISSION CRITICAL PARTNERS®.

10.    MISSION CRITICAL PARTNERS® is registered with the United States Patent and Trademark Office under registration number 5,274,098. A copy of said registration is presented in Exhibit A.

11.    The registration has been active since January 1, 2009.

12.    The MISSION CRITICAL PARTNERS® mark has been in use by MCP since 2008.

13.    The MISSION CRITICAL PARTNERS® mark is used in interstate commerce as a trademark and service mark which designates MCP as the source, provider, licensor, or sponsor of goods or services to which the mark is attached.

14.    The registration specifically identifies the following goods and services: "Telecommunication consultation in the nature of technical consulting in the field of audio, text and visual data transmission and communication" and "Consulting in the field of information technology; Consulting in the field of telecommunications technology; Telecommunications technology consultancy."

15.    Examples of the use of the MISSION CRITICAL PARTNERS® mark in commerce are presented in Exhibit B, including brochures, assessments and proposals, press releases, and its publicly available website at https://www.missioncriticalpartners.com/.

16.    The MISSION CRITICAL PARTNERS® mark has acquired distinction through secondary meaning as identifying those goods and/or services provided, licensed or approved by MCP.

17.    MCP has achieved significant public exposure as a provider of high-quality consulting services in a number of fields, including those identified at Paragraph 14, *supra*, throughout the entire geographic reach of the Commonwealth of Pennsylvania, and indeed throughout the entire country.

18.    The MISSION CRITICAL PARTNERS® mark has become sufficiently distinct and well known in the relevant markets so as to be considered "famous" for the purposes of the federal Lanham Act, specifically, 15 U.S.C. § 1125(c)(2)(A).

19.    MCP has displayed the MISSION CRITICAL PARTNERS® marks in conformity with 15 U.S.C. § 1111.

20.    Furthermore, MCP, specifically placed MCTP on notice of MCP's registration of the above-referenced marks by a cease and desist letter which was transmitted to MCTP at its registered address on February 15, 2024.

21.    Further still, MCP issued a second notice and demand letter to MCTP on March 13, 2024. a true and correct copy of which is attached hereto as Exhibit C.

22.    Upon ascertaining the email addresses of principals of MCTP, counsel for MCP sent emails on October 2,2024 and October 8, 2024 placing MCTP on notice of MCP's registration and demanding MCTP cease and desist its infringement.

## THE DEFENDANT'S ACTIVITIES

23.    It is believed and therefore averred that MCTP provides placement and consulting services, which include those subjects identified at Paragraph 14, *supra*, including contingent recruiting, retained talent, and executive searches.

24.    MCTP's use of the term "Mission Critical" and "Partners" in conjunction with these services infringes upon MCP's trademark rights under both state and federal law and threatens the goodwill and public recognition associated with MCP's mark.

25.    MCTP advertises, promotes and markets its services using "Mission Critical" and "Partners" in conjunction, and the name "Mission

Critical Talent Partners," including, on information and belief, at the internet domain "www.mctps.com".

26.    It is believed and therefore averred that MCTP has also utilized "Mission Critical" and "Partners" in conjunction with job recruitment efforts on online employment and talent acquisition platforms, including "www.glassdoor.com" and "www.indeed.com."

27.    MCTP's use and incorporation of "Mission Critical" and "Partners" in the same general field that MCP provides services is grossly confusing to members of the relevant market, as well as to individual consumers of said services.  Individuals, businesses or consumers doing business with or purchasing services from MCTP are likely to be confused – and, upon information and belief, have already been confused.

28.    Furthermore, consumers have come to associate the MISSION CRITICAL PARTNERS® marks with goods and services of a high and consistent quality and may unknowingly select to employ MCTP for services mistakenly believing that such services have been endorsed, reviewed, evaluated or otherwise approved by MCP, which mistaken belief will constitute a grave danger to the extensive and positive good will and

reputation that has been associated with the MISSION CRITICAL PARTNERS® marks.

29.    As just one example of the confusion caused by MCTP's use of "Mission Critical" and "Partners" in conjunction, MCP has received multiple phone calls from recruiters responding to posts from MCTP on Glassdoor and Indeed.

30.    In addition, MCP has received numerous calls from applicants to MCTP positions requesting status updates on their applications.

31.    A Google search of "Mission Critical Talent Partners" will yield links to MCP sites in two of the first three results.

32.    The almost identical branding along with the similar goods and services being offered by MCP and MCTP make it extremely confusing for the relevant consumers of both company's services.

33.    MCP, has not, at any time, or for any purpose, authorized MCTP's use, either directly or indirectly, of the MISSION CRITICAL PARTNERS® mark.

34.    MCTP's actions in adopting and incorporating the MISSION CRITICAL PARTNERS® mark as a designation for MCTP's business and its use of the mark in its advertising materials represent willful and

deliberate attempts to misappropriate and profit from the good will and reputation developed in these marks by MCP.

## COUNT I

### FEDERAL INFRINGEMENT OF REGISTERED TRADEMARKS OR SERVICE MARKS UNDER THE LANHAM ACT

35.    Plaintiff, MCP, hereby incorporates by reference each preceding allegation as though expressly stated herein.

36.    MCP, has registered on the Principal Register the mark MISSION CRITICAL PARTNERS® for use in connection with a variety of goods and/or services.

37.    MCTP's use in commerce of trademarks, service marks or trade names is substantially and confusingly similar to MCP's, above-referenced marks and constitutes a reproduction, counterfeit, copy or colorable imitation of MCP's, registered mark in connection with the sale, offering for sale, distribution, or advertising of any goods or services on or in connection with which such use is likely to cause confusion, or to cause mistake, or to deceive.

38.    Defendant's use of trademarks, service marks or trade names is substantially and confusingly similar to MCP's, above-referenced mark,

and constitutes an attempt to reproduce, counterfeit, copy, or colorably imitate a registered mark and apply such reproduction, counterfeit, copy, or colorable imitation to advertisements intended to be used in commerce upon or in connection with the sale, offering for sale, distribution, or advertising of services or in connection with which such use is likely to cause confusion, or to cause mistake, or to deceive.

39.    It is believed and therefore averred that MCTP has knowingly and intentionally committed the aforementioned actions in order to wrongfully appropriate and profit from the good will associated with MCP's, mark.

40.    MCTP's actions constitute the infringement of registered trademarks or service marks, in violation of the Lanham Act, 15 U.S.C. § 1114.

41.    MCP, has suffered irreparable injury as a result of MCTP's knowing and intentional infringement of MCP's, mark, and will continue to suffer such injury unless Defendant is enjoined by this Court, as is specifically authorized by the Lanham Act, 15 U.S.C. § 1116(a).

42.    Damages at law are inadequate to fully remedy the harm suffered by MCP as a result of MCTP's infringing activities.

## COUNT II

## <u>FEDERAL UNFAIR COMPETITION UNDER THE LANHAM ACT</u>

43.    MCP, hereby incorporates by reference each preceding allegation as though expressly stated herein.

44.    The misappropriation by MCTP of trademarks and service marks that are confusingly similar to those of MCP has caused, and likely will continue to cause, confusion among customers that the associated services being offered by MCTP are somehow derived from, affiliated with, originate from, licensed by or are otherwise approved by MCP.

45.    It is believed and therefore averred that MCTP has knowingly and intentionally used and will continue to use and misappropriate MCP's, trademarks and service marks in commerce.

46.    MCTP's use of MCP's trademarks or service marks is done without license, permission or consent of MCP.

47.    MCTP's aforementioned acts constitute false designation of origin, false or misleading description of fact, and/or false or misleading representation of fact, which is likely to cause confusion, or to cause mistake, or to deceive as to affiliation, connection or association of MCTP

with MCP, or as to the origin, sponsorship or approval of MCTP's services by MCP.

48.    It is believed and therefore averred that MCTP has knowingly and intentionally committed the aforementioned acts in order to wrongfully appropriate and profit from the good will associated with MCP's, marks.

49.    MCTP's actions constitute trademark/service mark infringement, under 15 U.S.C. § 1114(1), and unfair competition in violation of Section 43(a) of the Lanham Act, 15 U.S.C. § 1125(a)(1)(A).

50.    MCP, has suffered, and will continue to suffer, substantial and irreparable injury as a result of MCTP's knowing and intentional infringement of MCP's, trademarks and service marks, unless this Court acts to enjoin MCTP, as is specifically authorized by the Lanham Act, 15 U.S.C. § 1116(a).

51.    Damages at law are inadequate to fully remedy the harm suffered by MCP as a result of MCTP's infringing activities and unfair competition.

## COUNT III

## FEDERAL UNFAIR COMPETITION – FALSE ADVERTISING – UNDER THE LANHAM ACT

52.    MCP, hereby incorporates by reference each preceding allegation as though expressly stated herein.

53.    MCTP's use of trademarks, service marks or trade names is substantially and confusingly similar to MCP's marks.

54.    Because MCTP used, and continues to use, "Mission Critical" and "Partners" in conjunction in the same general field in which MCP provides services, consumers are likely to have believed and will continue to believe that MCTP's services are in some way derived from, affiliated with, originate from, licensed by or are otherwise approved by MCP.

55.    MCTP's acts constitute false designation of origin, false or misleading description of fact, or false or misleading representation of fact in commercial advertising and/or promotion which misrepresents the nature, characteristics, qualities, or geographic origin of MCP's or MCTP's services, in a manner which is damaging to MCP.

56.    It is believed and therefore averred that MCTP has knowingly and intentionally committed the aforementioned acts in order to

wrongfully appropriate and profit from the good will associated with MCP's, marks.

57.    MCTP's actions constitute false advertising and unfair competition in violation of Section 43(a) of the Lanham Act, 15 U.S.C. § 1125(a)(1)(B).

58.    MCP, has suffered irreparable injury as a result of MCTP's knowing and intentional use of MCP's marks in MCTP's commercial advertising and promotion of MCTP's services and will continue to suffer such injury unless this Court acts to enjoin MCTP, as is specifically authorized by the Lanham Act, 15 U.S.C. § 1116(a).

59.    Damages at law are inadequate to fully remedy the harm suffered by MCP as a result of MCTP's unfair competition and false advertising.

## COUNT IV

## FEDERAL DILUTION OF TRADEMARK OR SERVICE MARK UNDER THE LANHAM ACT

60.    MCP hereby incorporates by reference each preceding allegation as though expressly stated herein.

61.    MCP's registered MISSION CRITICAL PARTNERS® mark, through extensive and widespread use within the Commonwealth of Pennsylvania and in interstate commerce, have each become sufficiently distinctive and well known in the relevant markets so as to be considered "famous" for purposes of the federal Lanham Act, specifically, 15 U.S.C. § 1125(c).

62.    MCTP's activities, specifically the promotion of MCTP's unrelated and unlicensed business practices, have impaired and will continue to impair the distinctive quality of MCP's marks, in violation of the Lanham Act, 15 U.S.C. § 1125(c).

63.    MCTP's conduct complained of herein was done willfully, with full knowledge of its capability to dilute the distinctive quality of MCP's marks, and with the specific intent to trade on and profit from MCP's reputation and good will, and to dilute the distinctive quality of MCP's marks.

64.    MCP's business, good will, and reputation have been and will continue to be irreparably harmed by MCTP's activities unless MCTP is enjoined from future actions which dilute the distinctive quality of MCP's, marks.

15

65.    MCTP's activities constitute "dilution by blurring" and/or "dilution by tarnishment" of MCP's marks, in violation of the Lanham Act, 15 U.S.C. § 1125(c).

66.    It is believed and therefore averred that MCTP will continue the unlawful activities alleged herein unless this Court acts to enjoin the MCTP, as is specifically authorized by the Lanham Act, 15 U.S.C. § 1116(a) and 15 U.S.C. § 1125(c)(1).

67.    Damages at law are inadequate to fully remedy the harm suffered by MCP as a result of MCTP's dilutive activities.

## COUNT V

## <u>COMMON LAW UNFAIR COMPETITION – PASSING OFF OR PALMING OFF</u>

68.    MCP, hereby incorporates by reference each preceding allegation as though expressly stated herein.

69.    Defendant's use in commerce, of a trade name – to wit, "Mission Critical Talent Partners," which includes and/or incorporates MCP's, marks, or those which are substantially and confusingly similar thereto, constitutes an intentional attempt to pass off or palm off MCTP's services as those of MCP, or as services which are in some way derived

from, affiliated with, originate from, licensed by or are otherwise approved by MCP, in a manner that is likely to confuse, mislead and deceive consumers and/or users, as well as persons who regularly rely on MCP's services, as well as other members of the public, in violation of the common laws of the Commonwealth of Pennsylvania.

70.    MCTP fails to distinguish MCTP and MCTP's provision of services from MCP and its own provision of services in the same field.

71.    Defendant's actions constitute a knowing and intentional violation of the common law of unfair competition in the Commonwealth of Pennsylvania.

72.    MCP, has suffered irreparable harm and will continue to suffer such harm, as a result of MCTP's unfair competition, including passing off or palming off of services without distinction, in violation of the common law of Pennsylvania, unless this Court acts to enjoin MCTP's continued unlawful activities.

73.    Damages at law are inadequate to fully remedy the harm suffered by MCP as a result of Defendant's unfair trade practices, including passing off or palming off.

**WHEREFORE, PLAINTIFF RESPECTFULLY REQUESTS THAT THIS HONORABLE COURT FIND AS FOLLOWS:**

(a)    That Defendant has caused injury to Plaintiff, MCP's, reputation and good will through unfair competition in the form of infringement of Plaintiff, MCP's, registered trademarks and service marks, in violation of the Lanham Act, 15 U.S.C. § 1114;

(b)    That Defendant has caused injury to Plaintiff, MCP's, reputation and good will through unfair competition in the form of infringement of Plaintiff, MCP's, trademarks and service marks, in violation of the Lanham Act, 15 U.S.C. § 1114(1), 1125(a)(1)(A);

(c)    That Defendant has engaged in false advertising and therefore competed unfairly with Plaintiff, MCP, and has damaged Plaintiff, MCP's, reputation and good will, in violation of the Lanham Act, 15 U.S.C. § 1125(a)(1)(B);

(d)    That Plaintiff, MCP's, MISSION CRITICAL PARTNERS® mark be considered "famous" for the purposes of 15 U.S.C. § 1125(c);

(e)    That Defendant has, through its actions, diluted the distinctive nature of Plaintiff, MCP's MISSION CRITICAL PARTNERS® mark, in violation of 15 U.S.C. § 1125(c).

(f)    That Defendant has violated the common law of the Commonwealth of Pennsylvania, which proscribes unfair competition, including, but not limited to, passing off or palming off one's goods or services for those of another;

**PLAINTIFF FURTHER RESPECTFULLY REQUESTS THIS HONORABLE COURT TO ENTER AN ORDER WHICH GRANTS THE FOLLOWING RELIEF:**

(a)    Preliminarily, and thereafter permanently, enjoins and restrains Defendant, as well as Defendant's officers, agents, servants, employees, attorneys and all those in active concert or participation

with them who receive actual notice of said Order by personal service or otherwise from:

> (1) Selling or offering within the United States any goods or services in the fields of: telecommunication consultation in the nature of technical consulting in the field of audio, text and visual data transmission and communication; consulting in the field of information technology; consulting in the field of telecommunications technology; telecommunications technology consultancy; and consulting, recruiting and talent acquisition in transportation, technology/IT, public education, healthcare, special systems, construction, engineering, and operations services using the mark MISSION CRITICAL PARTNERS®, or any similar mark that is likely to cause confusion, mistake or deception, including using "Mission Critical" in conjunction with "Partners," with Plaintiff, MCP's, respective marks;

> (2) Causing any likelihood of confusion or injury to Plaintiff, MCP's, business reputation or good will or otherwise infringing upon or damaging in any manner Plaintiff, MCP's, right and ability to use or control use of its marks in the United States;

> (3) Unfairly competing with Plaintiff, MCP, within the United States or using any false designation of origin or false descriptions that can or are likely to mislead the public to believe that any goods or services offered or sold by Defendant and/or Plaintiff, MCP, are in any manner associated, affiliated, or connected to each other;

> (4) Assisting, aiding or abetting any other person or business entity in engaging in or performing any of the activities referred to in subparagraphs (g)(1) through (4), above.

(b) Directs Defendant, pursuant to 15 U.S.C. § 1116, to file with this Court and serve on Plaintiff, MCP, within thirty (30) days after service of an

injunction on Defendant, a report in writing under oath setting forth in detail the manner in which Defendant has complied with said injunction;

(c) Finds Defendant, pursuant to 15 U.S.C. § 1117, liable to Plaintiff, MCP and orders the payment of damages in an amount which encompasses all of the following:

   (1)  Defendant's profits from any and all services sold in connection with Defendant's illegal and unauthorized use of Plaintiff, MCP's, marks, retroactive to the earliest date permissible by the applicable statute of limitations;

   (2)  All damages sustained by Plaintiff, MCP; and

   (3)  The costs of this action, including any monetary relief, in an amount not to exceed three (3) times Plaintiff, MCP's, actual damages incurred;

(d) Finds that this case is "exceptional" under 15 U.S.C. § 1117, and awards Plaintiff, MCP, its reasonable attorney's fees and costs incurred due to Defendant's conduct;

(e) Directs Defendant, pursuant to 15 U.S.C. § 1118, to deliver up for destruction, at Defendant's own expense, within thirty (30) days after service of an injunction upon Defendant, all stationary, cards, labels, signs, prints, packages, wrappers, receptacles, advertisements, and any and all other printed matter and any and all plates, molds or other means of making the same, bearing Plaintiff, MCP's, marks or any trademarks, service marks, or trade names used by Defendant which are substantially and confusingly similar to Plaintiff, MCP's, marks, in Defendant's possession or under Defendant's custody or control;

(f) Directs Defendant to remove all online content, including but not limited to content on its website, www.mctps.com, and postings on online employment and talent acquisition platforms, bearing Plaintiff,

MCP's, marks or any trademarks, service marks, or trade names used by Defendant which are substantially and confusingly similar to Plaintiff, MCP's, marks, in Defendant's possession or under Defendant's custody or control.

(g) Awards Plaintiff, MCP, punitive damages in a sum sufficient to punish Defendant and to deter Defendant and others similarly situated from like conduct; and

(h) Grants Plaintiff, MCP, any and all such other and further relief as this Court may deem just, proper and equitable under the circumstances.

Respectfully Submitted,

McQUAIDE BLASKO, INC.

Dated: May 30, 2025                By:  /s/Philip K. Miles III
                                   Philip K. Miles III, Esquire
                                   Pa. I.D. # 209425
                                   pkmiles@mqblaw.com
                                   811 University Drive
                                   State College, PA 16801
                                   (814) 235-2222
                                   Fax: (814) 234-5620


Dated: May 30, 2025                By:  /s/Christopher T. Michelone
                                   Christopher T. Michelone, Esquire
                                   Pa. I.D. #309646
                                   ctmichelone@mqblaw.com
                                   Gateway Centre
                                   601 Hawthorne Drive, Suite 2A
                                   Hollidaysburg, PA 16648
                                   (814) 283-2000
                                   Fax: (814) 283-2019

                                   Attorneys for Plaintiff
                                   Mission Critical Partners, LLC